IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Donald S. EISENBERG, Attorney at Law.

Supreme Court

*No. 82–1914–D. Filed March 5, 1985.*

(Also reported in 363 N.W.2d 430.)

**PER CURIAM.** *Petition for reinstatement; reinstatement denied.*

The court suspended the license of Attorney Donald S. Eisenberg to practice law in Wisconsin for a period of six months, effective April 1, 1984, for unprofessional conduct. *Disciplinary Proceedings Against Eisenberg,* 117 Wis. 2d 332, 344 N.W.2d 169 (1984). Attorney

Eisenberg filed a petition for reinstatement of his license pursuant to SCR 21.11 and 22.28. Following its investigation of the moral character of the petitioner, the Board of Attorneys Professional Responsibility (Board) reported its findings to the court and recommended that the reinstatement of Attorney Eisenberg's license be denied on the grounds that he engaged in the practice of law while his license was suspended, in violation of SCR 22.26(2),[1] that by his continued use of law office letterhead stationery and by designating himself as attorney in correspondence he purported to be licensed to practice in Wisconsin even though his license was suspended, that he failed to timely disclose the fact of his license suspension in Wisconsin to a client or the court in which he appeared on his client's behalf, and that he practiced in two federal jurisdictions in which he was not authorized to practice and contrary to the rules of those jurisdictions.

Attorney Eisenberg has not met his burden of demonstrating that he has fully complied with the terms of the order suspending his license and that he is entitled to the reinstatement of his license to practice law in Wisconsin, SCR 22.28(6);[2] accordingly, we deny his petition for

[1] SCR 22.26(2) provides:

"(2) A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law."

[2] SCR 22.28(6) provides:

"(6) In proceeding upon a petition for reinstatement, the petitioner has the burden of demonstrating by clear and convincing evidence possession of the moral character to practice law in this state and that the petitioner's resumption of the practice of law within this state will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive of the public interest. The petitioner shall also demonstrate by

reinstatement. SCR 22.28(8) prohibits an attorney from again petitioning for reinstatement within one year following the denial of a petition for reinstatement. Because we conclude that this rule would result in too severe discipline for Attorney Eisenberg's failure to comply with our suspension order, we will permit him to apply for reinstatement of his license 90 days from the date of this order.

The Board's findings of fact are not disputed. In October, 1984, after six months had passed from the effective date of the suspension of Attorney Eisenberg's license but before his license had been reinstated by order of the court, Mr. Eisenberg undertook the representation of a man convicted of mail fraud in the United States District Court for the Central District of California. Mr. Eisenberg requested and was paid a $5,000 retainer and was substituted as the man's counsel to have the sentence vacated. He signed the substitution of attorney form as "Donald S. Eisenberg/Eisenberg Law Offices," but at the time he signed that form, he was not a member of Eisenberg Law Offices. Further, the form contained language stating that the person signing it was "duly admitted to practice" in the Central District of California, but Mr. Eisenberg had never been admitted as a member of the bar of that district, although he had appeared there on at least two occasions as an attorney *pro hac vice*.

Between October 17 and November 2, 1984, Mr. Eisenberg submitted a notice of motion and motion to vacate sentence, a stipulation, a notice of withdrawal of appeal and a memorandum of points and authorities in support of the motion to vacate sentence, each document bearing the heading "EISENBERG LAW OFFICES" and a Madison address. He signed each document "EISENBERG LAW OFFICES/By /s/ Donald S. Eisenberg,"

clear and convincing evidence full compliance with the terms of the order for discipline and the requirements of SCR 22.26."

listing the law office address. Between those same dates, Mr. Eisenberg wrote several letters, including one to the judge in the case, using letterhead stationery of a law firm of which Mr. Eisenberg had been a partner but which had been dissolved. In his correspondence, Mr. Eisenberg struck over the name of the former firm and substituted "Eisenberg Law Offices." Mr. Eisenberg's name was listed in that letterhead together with those attorneys who had been in the former firm. Mr. Eisenberg signed his letter to the judge "EISENBERG LAW OFFICES/By /s/ Donald S. Eisenberg."

Although the Central District's local rules require an attorney to obtain permission to practice before the court prior to the submission of pleadings or other documents, and the application for permission requires disclosure of an attorney's status in the jurisdictions to which he has been admitted, Mr. Eisenberg did not disclose that his license had been suspended in Wisconsin until November 21, 1984, and only after that fact had been discovered by the prosecutor in the federal action. When informed of Mr. Eisenberg's suspension, the federal judge denied Mr. Eisenberg permission to appear and refused to consider the matter of his Wisconsin suspension, but he permitted Attorney Mark Eisenberg, a son of Mr. Eisenberg and an attorney licensed to practice in Wisconsin, to appear on behalf of the defendant.

In connection with the same matter, Mr. Eisenberg had directed California counsel to take an appeal from the client's judgment of conviction. Although he had previously been a member in good standing of the U.S. Court of Appeals for the Ninth Circuit, where the appeal was pending, Mr. Eisenberg was suspended by the Ninth Circuit for six months, effective June 5, 1984, on the basis of his license having been suspended in Wisconsin. Mr. Eisenberg filed a stipulation for dismissal of the appeal with the Ninth Circuit, notwithstanding that he

was suspended from practice before that court at the time, and the document bore the heading "EISENBERG LAW OFFICES" as attorney for the appellant, and the document was signed "EISENBERG LAW OFFICES/ By /s/ Donald S. Eisenberg." The cover letter accompanying that document bore the letterhead of the former firm in which Mr. Eisenberg had practiced.

While this criminal matter was pending in California, Mr. Eisenberg's client was the defendant in a civil action pending in federal court in Wisconsin. On October 18, 1984 Mr. Eisenberg telephoned the office of the attorneys representing the plaintiff in that action, but the attorney who was handling the matter was not available. He asked that she return his call, leaving the telephone number of Eisenberg Law Offices in Madison. When the attorney returned Mr. Eisenberg's call, he discussed the civil case briefly and suggested she talk to her client about the possibility of settlement.

Mr. Eisenberg admitted having practiced law while his license was suspended, but he insisted that it was an isolated occurrence and that he had reason to believe that he could practice in the federal courts without violating this court's rules. Mr. Eisenberg asked the Board to recommend his reinstatement effective April 1, 1985, that is, one full year after his original six-month suspension began, and he argued that such extension of his original suspension would be "fair and justified." In support of his position he cited *Disciplinary Proceedings Against Eisenberg*, 96 Wis. 2d 342, 291 N.W.2d 565 (1980), in which the court refused to deny reinstatement of Attorney Sydney Eisenberg's license to practice law on the ground that he had engaged in the practice of law while suspended, despite a referee's recommendation for denial, for the reason that the rule preventing Attorney Eisenberg from again petitioning for reinstatement for one year would make that denial too severe.

In a reinstatement proceeding in which the attorney is found to have violated the terms of the suspension, extending the original suspension and setting a date for automatic reinstatement of the license would have the effect of shifting to the Board the burden of proof under SCR 22.28(6) and require it to demonstrate that the attorney has failed to comply with the suspension order and the court's rules during the extended period of suspension. Because Attorney Eisenberg violated the court's rules by practicing law while suspended, it is appropriate that he be required to establish his continuing compliance with our rules for the additional period of time during which his license remains suspended. Consequently, in order to lessen the severe effect of SCR 22.28(8) in this case, we permit Attorney Eisenberg to again petition for reinstatement of his license after 90 days have expired from the date of this order denying reinstatement.

When he petitioned for reinstatement, Attorney Eisenberg deposited with the Board the sum of $200 to pay the costs of the reinstatement proceeding. The Board has filed a statement of costs incurred in that proceeding in the amount of $636.96. It is appropriate that Attorney Eisenberg pay the full costs of the reinstatement proceeding.

Attorney Eisenberg filed a motion requesting oral argument on the Board's report and recommendation on reinstatement. The rules on reinstatement, SCR 21.11 and 22.28, do not contemplate oral argument in reinstatement proceedings. SCR 21.11 provides that the Board of Attorneys Professional Responsibility shall conduct an investigation of the moral character of the petitioner and shall report its findings and recommendations to the court. That rule permits the court to refer the petition to a referee for a hearing, but that was not

done in this case. We deny the motion for oral argument.

IT IS ORDERED that the petition for the reinstatement of Donald S. Eisenberg's license to practice law in Wisconsin is denied.

IT IS FURTHER ORDERED that, after 90 days following the date of this order, Donald S. Eisenberg may reapply for reinstatement of his license.

IT IS FURTHER ORDERED that within 90 days of the date of this order Donald S. Eisenberg pay to the Board of Attorneys Professional Responsibility the costs of this reinstatement proceeding in the amount of $636.96.

ABRAHAMSON, J., did not participate.