IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Donald S. EISENBERG, Attorney at
Law.

Supreme Court

*No. 89-0596-D. Filed November 1, 1989.*

(Also reported in 447 N.W.2d 54.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license revoked.*

We review the recommendation of the referee that
the license of Donald S. Eisenberg to practice law in
Wisconsin be revoked as discipline for professional mis-
conduct. Attorney Eisenberg's misconduct consisted of
commingling funds in his client trust account, failing to

maintain and preserve complete records of client funds coming into his possession, using funds of other clients to pay the debts of a client, making loans to a relative from client funds in his trust account and attempting to conceal these transactions. We determine that this abuse of the trust relationship between Attorney Eisenberg and his clients for his own personal gain and his dishonesty in his trust account dealings warrant the revocation of his license to practice law.

Attorney Eisenberg was licensed to practice law in 1956 and practiced in Madison. This is not the first time he has been the subject of an attorney disciplinary proceeding. He was publicly reprimanded in 1965, *State v. Eisenberg*, 29 Wis. 2d 233, 138 N.W.2d 235, and in 1984 the court suspended his license to practice law for six months as discipline for misconduct, *Disciplinary Proceedings Against Eisenberg*, 117 Wis. 2d 332, 344 N.W.2d 169. Further, Attorney Eisenberg was twice denied reinstatement of his license to practice in 1985 for the reason that he had continued to practice law while his license was suspended, *Disciplinary Proceedings Against Eisenberg*, 122 Wis. 2d 627, 363 N.W.2d 430 and 126 Wis. 2d 435, 377 N.W.2d 160. Indeed, a third proceeding for reinstatement is now pending, having been stayed until disposition of the instant disciplinary proceeding.

Following a disciplinary hearing, the referee, the Honorable Timothy L. Vocke, reserve judge, made the following findings of fact. On February 10, 1981, Attorney Eisenberg's trust account ledger showed a receipt of $2,000 on behalf of a named client. However, no such deposit had been made. On the same day the deposit was allegedly made, Attorney Eisenberg drew a check payable to himself on the trust account in the amount of $2,000. By so doing, Attorney Eisenberg made a payment to

himself on behalf of one client from funds on deposit in his trust account belonging to other clients.

In May, 1981, Attorney Eisenberg drew a $20,000 check on his client trust account payable to his uncle. He concealed the transaction by marking the check stub "void" and not recording the check on the trust account ledger or subtracting the amount of it from the balance on that ledger. When that check was written, there were no monies belonging to the uncle on deposit in the trust account; Attorney Eisenberg testified that he was lending his uncle the money. Later that month, Attorney Eisenberg deposited $20,000 into the trust account on behalf of his uncle and this transaction, too, was not recorded on the account ledger.

Still later that same month, Attorney Eisenberg made another loan to his uncle by this means, again in the amount of $20,000. He did so again in June, 1981, in the amount of $5,000. In this latter case, Attorney Eisenberg concealed the transaction by having the check stub misrepresent that the check had been written to a different payee and in a different amount.

On August 21, 1981, Attorney Eisenberg deposited $10,000 into the firm's trust account and listed it in the receipts book, general trust account ledger and individual trust account ledgers as attributable to another named client of the firm. Those funds were immediately withdrawn from the trust account and used to conclude a bank transaction known as a repurchase agreement, a kind of investment account used to generate additional funds and totally separate from the trust account. Subsequently, Attorney Eisenberg made disbursements from his trust account totaling approximately $7,300 for the benefit of the named client, although that client had no funds on deposit in the trust account. Further, there were insufficient funds in that account to pay that

check. Later that same month, Attorney Eisenberg wrote a trust account check in the amount of $10,000 payable to another attorney who was also representing the named client but that withdrawal was not recorded on the trust account ledger. Again, there were insufficient funds in the trust account to cover that check.

On September 3, 1981, the trust account receipts ledger showed an entry on behalf of one of Attorney Eisenberg's partners in the amount of $15,000. Five days later $15,000 was transferred from that account to another account, on which Attorney Eisenberg then drew a $15,000 check payable to his uncle.

In calendar year 1981, Attorney Eisenberg deposited a total of approximately $954,000 into the firm trust account without recording those deposits on the account ledger or indicating on whose behalf the deposits were made. In the same year, he caused the sum of almost $70,000 to be recorded in the trust account ledger as deposits, when in fact no such deposits had been made. Also in that year, Attorney Eisenberg withdrew approximately $930,000 from the trust account without reporting those withdrawals on the account ledger or otherwise identifying the clients on whose behalf those withdrawals were made.

Also in 1981, Attorney Eisenberg withdrew funds from his firm's trust account for his personal use on four occasions, in the total amount of $58,000. At the time these withdrawals were made, Attorney Eisenberg had no personal funds on deposit in the trust account. He did not record these transactions and subsequently admitted that he was borrowing money illegally from the trust account.

On the basis of these facts, the referee concluded as follows: Attorney Eisenberg violated SCR 11.05(1)[1] by commingling funds in his client trust account and by using the funds of other clients to pay the debts of a client; he violated SCR 11.05(2)[2] by failing to maintain and preserve complete records of client funds coming into his possession; he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4),[3] by attempting to conceal these transactions.

As discipline for this misconduct, the referee recommends that Attorney Eisenberg's license to practice law be revoked. That recommendation was explicitly based on the nature of this misconduct and Attorney Eisenberg's disciplinary history. The referee further noted Attorney Eisenberg's "reluctance to admit to culpability in the face of overwhelming evidence."

We adopt the referee's findings of fact and conclusions of law. Regardless of his prior discipline for professional misconduct, the seriousness of his misuse of a client trust account and conversion of client funds warrants the revocation of Attorney Eisenberg's license to practice law.

IT IS ORDERED that the license of Donald S. Eisenberg to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Donald S. Eisenberg pay to the

[1] The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(a).

[2] The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(e).

[3] The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Donald S. Eisenberg comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

ABRAHAMSON, J., did not participate.