IN the MATTER OF REINSTATEMENT OF the LICENSE OF Donald S. EISENBERG, to Practice Law in Wisconsin.

Supreme Court

*Nos. 82–1914–D, 89–0596–D. Filed December 27, 1996.*

(Also reported in 556 N.W.2d 749.)

PER CURIAM.   We review the report and recommendation of the Board of Attorneys Professional Responsibility (Board) that the petition of Donald S. Eisenberg for reinstatement of his license to practice law be denied. The Board concluded that Mr. Eisenberg had failed to establish by clear and convincing evidence that he possesses the requisite moral character to practice law in Wisconsin and that his resumption of practice would not be detrimental to the integrity and standing of the bar or the administration of justice. The Board's recommendation is based in part on the fact that Mr. Eisenberg has not repaid any portion of a fee collected from a former client, as the Board had recommended he be required to do in its report on an earlier reinstatement petition.

We determine that Mr. Eisenberg has failed to establish the necessary moral character to be licensed again to practice law in Wisconsin. By his conduct considered in this reinstatement proceeding, Mr. Eisenberg continues to demonstrate his failure or

265

refusal to recognize and carry out his continuing professional duties to those he has represented in the past and his obligation to make restitution to persons harmed by his professional misconduct.

The court revoked Mr. Eisenberg's license to practice law in November, 1989 as discipline for commingling funds in his client trust account, failing to maintain and preserve complete records of client funds coming into his possession, using other clients' funds to pay the debts of a client, making loans to a relative from client funds in his trust account, and attempting to conceal those transactions. *In re Disciplinary Proceedings Against Eisenberg*, 152 Wis. 2d 91, 447 N.W.2d 54. Prior to that revocation, the court had suspended his license for six months in 1984 as discipline for professional misconduct, *In re Disciplinary Proceedings Against Eisenberg*, 117 Wis. 2d 332, 344 N.W.2d 169, following which he twice was denied reinstatement of his license on the ground that he had continued to practice law while his license was suspended. *In re Disciplinary Proceedings Against Eisenberg*, 122 Wis. 2d 627, 363 N.W.2d 430 (1985); 126 Wis. 2d 435, 377 N.W.2d 160 (1985). The 1989 license revocation was imposed while his third petition for reinstatement was pending.

In the instant proceeding, the Board concluded that Mr. Eisenberg failed to establish entitlement to license reinstatement on two grounds: his statement on a television program concerning the guilt of a former client and his failure to repay a fee to a former client whom he had represented in the presence of a conflict of interest. The first of those matters concerned his appearance on a talk show in September, 1990, together with the former husband and the parents of a former client who had been convicted of murder and

266

was in hiding following her escape from prison. When asked by the show's host whether he felt his client was guilty of murder, Mr. Eisenberg responded in the affirmative, saying, "Everything that didn't come out at trial—everything that I know about—points to the fact that she did do it." In its report to the Board, the district committee, to which the reinstatement petition was referred for consideration and a public hearing, expressed concern that Mr. Eisenberg's statement might constitute a breach of the attorney-client privilege and considered it inappropriate behavior.

The second ground for the Board's adverse recommendation related to Mr. Eisenberg's representation of a client in 1977 and 1978 on drug charges, for which the client's wife paid him an advance fee of $10,000. That representation, having occurred while Mr. Eisenberg represented another client whose interests conflicted with the first client's, was the subject of the disciplinary proceeding against Mr. Eisenberg in 1984, but the issue of restitution of the $10,000 fee to the client was not addressed in that proceeding. The restitution of that fee was one of the grounds on which the Board made its adverse recommendation on Mr. Eisenberg's reinstatement petition in 1988, but again the court did not address it, as that reinstatement proceeding was mooted by the revocation of Mr. Eisenberg's license to practice law in 1989 as discipline for unrelated professional misconduct.

Notwithstanding the determination of the underlying conflict of interest issue in the prior disciplinary proceeding, Mr. Eisenberg continued to contend in this reinstatement proceeding that no conflict between the two clients' interests arose until after he had completed his work for the first client and to insist that he earned the entire fee, as he had obtained for the client what he

considered an excellent result. We reject Mr. Eisenberg's attempt to relitigate that issue in the context of this reinstatement proceeding.

■

The rules governing reinstatement of a license to practice law that has been suspended or revoked as discipline for professional misconduct specify, among other conditions, that the petitioner establish that restitution or settlement of all claims from persons injured or harmed by the attorney's misconduct has been made. SCR 22.28(4)(k).[1] Mr. Eisenberg has not met that condition. Further, the assertion in a public forum of his belief in the guilt of a former client demonstrates Mr. Eisenberg's failure to satisfy another condition for license reinstatement—that his conduct following license revocation has been "exemplary and above reproach." SCR 22.28(4)(e).[2] Consequently, Mr. Eisenberg has not established entitlement to reinstatement of his license to practice law.

---

[1] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(4)   The petition for reinstatement shall show that:

. . .

(k)   The petitioner has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct or, if the restitution is not complete, petitioner's explanation of the failure or inability to do so.

[2] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(4)   The petition for reinstatement shall show that:

. . .

(e)   The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

Because of the time it has taken to reach a decision on his reinstatement petition, the public hearing on which was held January 18, 1996, Mr. Eisenberg has asked that if the court denies his reinstatement on character grounds, it shortens the nine-month period specified in SCR 22.28(8)[3] during which he would not be permitted to file another reinstatement petition. We deny that request, as the length of time required for conclusion of this proceeding was in large part due to the fact that Mr. Eisenberg never satisfied the continuing legal education requirement established by the Board of Bar Examiners as a condition of its favorable recommendation on his petition. It was not until August 20, 1996, that Mr. Eisenberg notified the court that he had no intention of completing that education requirement until the court determined to grant or deny his petition solely on the basis of the report of the Board of Attorneys Professional Responsibility. The court solicited a response from each of the Boards on the propriety of proceeding in such a manner. When neither Board objected, the court proceeded to determine the matter without the favorable recommendation of the Board of Bar Examiners.

IT IS ORDERED that the petition for the reinstatement of the license of Donald S. Eisenberg to practice law in Wisconsin is denied.

---

[3] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(8)   If the court denies a petition for reinstatement, the petitioner may again file a petition for reinstatement commencing 9 months following the denial.

SHIRLEY S. ABRAHAMSON, C.J., did not participate.