IN the MATTER OF the REINSTATEMENT OF the LICENSE OF
Donald S. EISENBERG to Practice Law in Wisconsin.

Supreme Court

*Nos. 82–1914–D, 89–0596–D. Filed May 8, 1998.*

(Also reported in 577 N.W.2d 626.)

¶ 1. PER CURIAM. On March 27, 1998, the
Board of Attorneys Professional Responsibility (Board)

filed its report recommending that the petition filed October 6, 1997 by Donald S. Eisenberg for reinstatement of his license to practice law in Wisconsin be denied. The district professional responsibility committee, to which the reinstatement petition had been referred for investigation and the holding of a public hearing, had recommended to the Board that the petition be denied. The basis of the Board's and district committee's adverse recommendations are Mr. Eisenberg's failure to satisfy several of the conditions for reinstatement established by court rule by not making restitution for or settling all claims of persons injured or harmed by his professional misconduct,[1] by his expressed willingness to comply with the continuing legal education requirements for reinstatement only if he were assured that, having met those requirements, his license would be reinstated,[2] and by his stated intention to practice law in Wisconsin only occasionally but maintain a trust account on his own, rather than in

---

[1] SCR 22.28(4)(e) and (k) provides:

(4)   The petition for reinstatement shall show that:
. . .
(e)   The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.
. . .
(k)   The petitioner has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct or, if the restitution is not complete, petitioner's explanation of the failure or inability to do so.

[2] SCR 22.28(4)(f) provides:

(4)   The petition for reinstatement shall show that:
. . .
(f)   The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

association with another lawyer or law firm in the state.[3]

¶ 2. We determine that Mr. Eisenberg has failed to show that he has satisfied all of the conditions set forth in SCR 22.28 so as to be entitled to the reinstatement of his license to practice law. Accordingly, we deny the petition.

¶ 3. Mr. Eisenberg's license to practice law was suspended in 1984 for six months as discipline for having represented two criminal defendants whose interests were adverse and for failing to protect the interests of one of those clients in a case in which that client's liberty was at stake.[4] Mr Eisenberg twice petitioned for reinstatement following that suspension, each time unsuccessfully: first, he had engaged in the practice of law during the license suspension;[5] second, he continued to practice law while his license was suspended and failed to fully describe all of his business activities during the suspension.[6]

¶ 4. Thereafter, Mr. Eisenberg withdrew a third reinstatement petition he had filed, and his fourth petition was remanded to the Board for further consideration because of a pending investigation into his handling of trust account funds. That fourth peti-

---

[3] SCR 22.28(4)(g) provides:

> (4) The petition for reinstatement shall show that:
>
> . . .
>
> (g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

[4] *Disciplinary Proceedings Against Eisenberg*, 117 Wis. 2d 332, 344 N.W.2d 169 (1984).

[5] 122 Wis. 2d 627, 363 N.W.2d 430 (1985).

[6] 126 Wis. 2d 435, 377 N.W.2d 160 (1985).

tion became moot when the trust account investigation resulted in a disciplinary proceeding that culminated in license revocation.[7] Mr. Eisenberg's fifth reinstatement petition—his first following license revocation—was denied on the ground that he had not made restitution to the client whose criminal case he handled while simultaneously representing another criminal defendant with conflicting interests and for his having made statements on a television show concerning his belief in the guilt of a criminal defendant he had represented.[8]

¶ 5. In the instant proceeding, Mr. Eisenberg, by his attorney, made objection to the Board to the report of the district committee. The district committee and the Board's investigator, in correspondence to the Board's investigator and to Mr. Eisenberg's counsel, respectively, clarified or corrected some of the objections. After the Board filed its report, Attorney Eisenberg's counsel wrote the court on April 6, 1998:

> Since the District 9 Committee and Board of Attorneys Professional Responsibility recommended that Donald Eisenberg's Petition for Reinstatement be denied, at this time we are requesting that the Supreme Court deny the Petition forthwith.

Thus, Mr. Eisenberg has elected not to reassert in response to the Board's report and adverse recommendation the objections he previously had made.

¶ 6. IT IS ORDERED that the petition for the reinstatement of the license of Donald S. Eisenberg to practice law in Wisconsin is denied.

---

[7] *Disciplinary Proceedings Against Eisenberg*, 152 Wis. 2d 91, 447 N.W.2d 54 (1989).

[8] 206 Wis. 2d 264, 556 N.W.2d 749 (1996).

¶ 7. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE, did not participate.