In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kevin M. KELSAY, Attorney at Law:

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Kevin M. KELSAY, Respondent.

Supreme Court

*No. 88–2087–D. Decided March 16, 2004.*

2004 WI 22

(Also reported in 676 N.W.2d 153.)

The Court entered the following order on this date:

Attorney Kevin M. Kelsay was admitted to practice law in Wisconsin in 1984. On June 4, 1990, his license to practice law in Wisconsin was suspended for three years for professional misconduct. *Disciplinary Proceedings Against Kelsay*, 155 Wis. 2d 480, 455 N.W.2d 871 (1990). On June 3, 2002, Attorney Kelsay filed a petition for reinstatement. However, on August 23, 2002, while the reinstatement proceeding was pending, the Office of Lawyer Regulation (OLR) filed a new complaint against Attorney Kelsay, alleging he had engaged in the practice of law while his license was under suspension in violation of SCR 20:5.5(a) and SCR 22.26(2). The petition for reinstatement was stayed pending resolution of this complaint.

On November 12, 2003, this court suspended Attorney Kelsay's license for an additional period of six months, in connection with findings he had engaged in the unauthorized practice of law. *Disciplinary Proceedings Against Kelsay*, 2003 WI 141.

On December 22, 2003, the referee issued the report and recommendation on the reinstatement petition. The referee recommended the petition be denied. Neither Attorney Kelsay nor the OLR appealed this recommendation on the merits, however Attorney Kelsay has filed a letter objecting to the OLR's statement of costs associated with the reinstatement proceeding, which total $20,317.81.

■

We adopt the referee's report and recommendation and agree that Attorney Kelsay's petition for reinstatement should be denied. He has failed to establish the requirements for reinstatement set forth in SCR 22.29. As the referee cogently stated:

> . . . Mr. Kelsay's continuing pattern of conduct in the matters discussed above, which span the entire time since he was eligible for reinstatement demonstrate that Mr. Kelsay's petition for reinstatement should be denied. Mr. Kelsay has not been entirely honest in his dealings with others, he has demonstrated a willingness to file frivolous claims on several occasions, he has engaged in the practice of law on at least two occasions, and has generally acted in a manner that is not befitting a member of the Wisconsin Bar. For these reasons, I recommend that Mr. Kelsay's petition for reinstatement be denied.

Report and recommendation at 20–21.

■

Attorney Kelsay objects to the assessment of costs against him on the grounds that he lacks the financial resources to pay the costs. He has also questioned the OLR's authority to impose costs in this proceeding. This court may assess costs in reinstatement proceedings where the respondent has been denied reinstatement. *See* SCR 22.24; *In re Disciplinary Proceedings Against*

*Eisenberg*, 122 Wis.2d 627, 632, 363 N.W.2d 430 (1985). Attorney Kelsay has not made specific objections regarding the costs assessed in this proceeding. Therefore, OLR's request for costs in the amount of $20,317.81 incurred in this reinstatement proceeding is granted. To the extent that Attorney Kelsay demonstrates that he is unable to pay the costs imposed upon him, that will be considered in future reinstatement proceedings. *See, e.g., In re Disciplinary Proceedings Against Harman*, 2003 WI 45, 261 Wis. 2d 322, 661 N.W.2d 403.

IT IS ORDERED that Attorney Kelsay's petition for reinstatement is denied;

IT IS FURTHER ORDERED that Attorney Kelsay's objection to the OLR's statement of costs is denied;

IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Kevin Kelsay shall pay to the Office of Lawyer Regulation the costs of this reinstatement proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Kevin Kelsay to practice law in Wisconsin shall remain suspended until further order of the court.

Roggensack, J., dissenting as to the imposition of costs.

Cornelia G. Clark

Clerk of Supreme Court