In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Donald J. HARMAN, Attorney at Law.

OFFICE OF LAWYER REGULATION f/k/a Board of
Attorneys Professional Responsibility,
Complainant-Respondent,

v.

Donald J. HARMAN,
Respondent-Appellant.

Supreme Court

*No. 1999AP2862–D. Decided June 24, 2005.*

2005 WI 89

(Also reported in 698 N.W.2d 697.)

¶ 1. PER CURIAM.   We review the recommendation of the referee that Donald J. Harman's petition seeking the reinstatement of his license to practice law in this state be denied. Although the referee found that Harman's conduct since denial of his prior petition for reinstatement had been exemplary and above reproach, the referee nevertheless recommended against granting this petition for reinstatement because Harman had not complied with various orders requiring him to pay the costs of prior disciplinary and reinstatement proceedings.

¶ 2.   Donald Harman has not appealed from the referee's report or that recommendation. Accordingly, our review proceeds pursuant to SCR 22.33(3).[1] We adopt the referee's findings but conclude that Harman's petition for reinstatement should be granted upon conditions as described below. We also direct that the costs of these current reinstatement proceedings, totaling $2396.12, be paid by Harman.

¶ 3.   Donald Harman's license to practice law in this state was suspended for a period of six months effective August 1, 2001. *In re Disciplinary Proceedings Against Harman,* 2001 WI 71, 244 Wis. 2d 438, 628 N.W.2d 351. Harman was ordered to pay the costs of those disciplinary proceedings; if such costs were not paid within 60 days and absent a showing that Harman

---

[1] SCR 22.33(3) provides: Review, appeal. "(3) If no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

was unable to pay the costs within that time, this court directed that his license to practice law in this state would remain suspended until further order of this court. Prior to that 2001 suspension, Harman had been publicly reprimanded; at that time, he had also been ordered to pay the costs of those proceedings.

¶ 4. Harman's subsequent petition for reinstatement was denied. *In re Disciplinary Proceedings Against Harman*, 2003 WI 45, 261 Wis. 2d 322, 661 N.W.2d 403. Again, Harman was assessed and directed to pay the costs of that reinstatement proceeding; again, he was warned that if the costs were not paid within the time specified, and absent a showing to the court of his inability to pay the costs within that time, his license to practice law would remain suspended until further order of this court.

¶ 5. Harman thereafter filed this current — his second — petition for reinstatement. Pursuant to SCR 22.30,[2] Attorney Russell L. Hanson was appointed as referee and a public hearing was held on this petition for reinstatement. The referee subsequently issued his report setting forth his findings which included specific findings that since July 6, 1999, Harman has paid nothing toward the accumulated costs assessed against him in the prior proceedings. Thus, Harman currently has an outstanding balance of prior assessed costs in the amount of $18,781.76, exclusive of interest. As

---

[2] SCR 22.30 provides in pertinent part:   Reinstatement procedure.

    (1) The clerk of the supreme court shall select a referee from the panel provided in SCR 21.08, based on availability and geographic proximity to the petitioner's place of residence, and the chief justice or, in his or her absence, the senior justice shall appoint the referee to conduct a hearing on the petition for reinstatement. . . .

noted, Referee Hanson recommended that Harman's petition for reinstatement be denied because Harman had not complied with the terms of the prior orders since he had paid nothing toward these accumulated costs. The referee also noted that the financial statement filed by Harman in this reinstatement proceeding was inaccurate because it did not reflect a monthly rental of $325 that Harman admittedly has continued to pay for office space during his suspension. Referee Hanson in his report wrote:

> At the hearing in this matter, the petitioner testified that he has maintained an office since his [suspension] and paid the sum of $325.00 per month. If the petitioner had paid that sum towards the costs of his prior discipline, he would by this time have paid $12,350.00. This is particularly significant since the petitioner gave no profit related reason for maintaining the office. It is therefore clear that the petitioner had the ability to pay a substantial portion of the costs he caused, but chose not to. At the hearing, the petitioner volunteered to pay $10.00 per month towards prior costs. That proposal is totally unreasonable.

¶ 6. The referee concluded his report by noting that Harman had submitted impressive recommendations from others in support of his petition for reinstatement; nevertheless, the referee said that although he would "like to be able to recommend his reinstatement," he could not do so because of Harman's "total failure to be concerned and responsible about the costs . . . ."

¶ 7. Upon receipt of the referee's report and recommendation, this court, on December 16, 2004, issued an order holding Harman's petition for reinstatement in abeyance; we informed Harman that to achieve reinstatement, he must "establish a realistic schedule

agreed to by the Office of Lawyer Regulation (OLR) for the payment of accumulated costs in the initial disciplinary and the subsequent reinstatement proceedings." Harman was instructed to report back to this court indicating whether he and OLR had reached an agreement regarding a payment schedule. On February 22, 2005, an extension for additional time to negotiate with OLR was granted to Harman and the OLR was then directed to file a response to Harman's report.

¶ 8. Thereafter, Harman filed a letter/report dated March 17, 2005, stating that he had been unable to reach an agreement with OLR regarding repayment of costs, but would agree to a payment schedule of $100 per month, however, because of his financial circumstances, he could only guarantee a payment of $25 per month toward the prior costs.

¶ 9. The OLR responded and acknowledged that Harman's ability to make payments on the accumulated costs was limited; according to the OLR calculations, Harman currently owes nearly $19,500 on those prior costs, exclusive of interest. The OLR reported that it would agree to a payment plan of $100 per month and that as long as Harman complied with that payment schedule, the OLR would "be amenable to waiving post-judgment interest . . . ." The OLR further suggested that if this court were to grant this petition and reinstate Harman's license to practice law, that reinstatement should be conditioned upon Harman continuing to pay $100 per month on the accumulated costs.

¶ 10. On April 7, 2005, Harman made a $100 payment to the OLR on the accumulated costs.

¶ 11. While we are concerned with Harman's past record and failure to make substantial payments on the accumulated costs that have been assessed against him,

we also note the referee's specific finding that since his suspension, Harman has maintained competence in learning in the law by attendance at various educational activities,[3] and that there is no evidence that Harman's conduct has been other than "exemplary and above reproach."

¶ 12.    We determine that the referee's findings are not clearly erroneous and we adopt them. However, after our de novo review of the referee's conclusions of law, *see In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718, we conclude that Harman has met his burden imposed by SCR 22.31(1) of "demonstrating, by clear, satisfactory, and convincing evidence" that his resumption of the practice of law would not be detrimental to the administration of justice or subversive of the public interest. Accordingly we grant Harman's petition for reinstatement. However, we condition that reinstatement on the specific requirement that he continue to pay $100 per month on the costs previously assessed against him in the prior disciplinary and reinstatement proceedings. We also direct that Harman be assessed the $2396.12 in costs in this current reinstatement proceeding. Those costs, like all the costs assessed against Harman in the prior proceedings, are reasonable and warranted under the circumstances.

---

[3] The Board of Bar Examiners (BBE) has submitted a statement dated May 31, 2005, extending until August 1, 2005, its previous recommendation in support of Harman's petition for the reinstatement of his license to practice law in this state. In this recommendation, the BBE explains that because Harman was admitted in an even numbered year (1960) he will be required to comply with the current continuing legal education (CLE) requirement by reporting an additional 30.0 hours EPR; or by electing the exemption available at SCR 31.04(2) on the CLE Form 1 that will be due for the 2005–2006 reporting period.

¶ 13. IT IS ORDERED that Donald J. Harman's license to practice law in Wisconsin is reinstated upon the specific condition that he continue to make $100 per month payments to the Office of Lawyer Regulation as payment of the accumulated costs assessed against him in this and prior proceedings. If, during any month, Donald J. Harman fails to make the required payment to the Office of Lawyer Regulation by the 15th day of that month, the Office of Lawyer Regulation is directed to immediately inform this court of that fact and to request further appropriate action from this court.

¶ 14. IT IS FURTHER ORDERED that Donald J. Harman comply with the continuing legal education requirements as set forth in footnote 3 of this opinion.