257 So.2d 6 (1971)
THE FLORIDA BAR, Complainant,
v.
Louis SCHONBRUN, Respondent.
No. 41575. The Florida Bar No. 13-71-18.
Supreme Court of Florida.
December 16, 1971.
*7 John R. Bush, for The Florida Bar, complainant.
William R. Hapner, Jr. of Rood & Hapner, Tampa, for respondent.
PER CURIAM.
In this Bar discipline case, we have for review on respondent's petition a recommendation by the referee that respondent, Louis Schonbrun, a member of The Florida Bar, be disbarred for submitting to probate a Will known by him to have been forged; The Florida Bar cross-petitions seeking disbarment on the additional ground that he procured the Will through undue influence. We have heard oral argument.
Respondent, a friend and advisor to Mrs. Margaret T. Abbott for 20 years, drafted a Will for her shortly before her death in June, 1968. Mrs. Abbott was a resident of Tampa; her husband died in 1966. The residuary legatee and devisee was a Mrs. Levsky, identified in the Will as a "good friend and companion in need." Mrs. Levsky was respondent's sister. Three persons witnessed the execution of the Will by Mrs. Abbott: respondent; Regina Schonbrun, respondent's daughter; and Jonah Haliczer, respondent's cousin through marriage and a former client.
Mr. Fernandez, one of the legatees, lodged a complaint with the Hillsborough County Solicitor's office, alleging that Mrs. Abbott's signature was a forgery, and that Mrs. Levsky was a stranger to the Will. Final disposition of probate was withheld by the County Judge pending resolution of the Complaint. After an analysis of the signature (only the last page of the three-page Will bore a signature), an expert employed by the State found that while it indeed had certain characteristics of a forgery, the evidence was inconclusive and the carelessness with which it was written suggested that it was probably valid. The Solicitor closed out the case without filing charges, and the County Court then closed out probate.
This cause arose in disciplinary proceedings because Mr. Fernandez also filed a complaint with The Bar. After a determination of probable cause, The Bar filed a complaint alleging that respondent violated the canons of ethics and the rules governing the conduct of attorneys in that: (1) he knowingly filed for probate a Will in which the residuary legatee was not a natural object of the bounty of the decedent; (2) he either forged the decedent's signature himself, or he directed that it be done, or he allowed pages which bore a forged signature to be substituted in the Will prior to submission to probate.
After the completion of the disciplinary hearings, The Bar's case against the respondent rested upon the following factors: numerous persons who knew the deceased testified that they did not know of any relationship or acquaintance between Mrs. Levsky and the deceased; while the State's examiner found the evidence of forgery to be inconclusive, an expert retained for the disciplinary proceedings found the signature to be forged without a doubt; the witnesses to the execution of the Will gave versions which were inconsistent in certain details; it was undisputed that the last two pages were typed with a different ribbon than the first page, although respondent maintained that he *8 typed the Will himself at one sitting without changing ribbons; it was undisputed that the signature bore the markings of two separate pens while the witnesses did not recall the use of more than one pen; finally, after more than 35 years in probate practice, respondent must have known the consequences of the events he presided over.
Respondent's defense rested upon these factors: friends of Mrs. Levsky testified that she was well known to the deceased; the State's examiner thought the signature was probably valid; the decedent asked him as an old friend to handle the Will and he complied with the request without knowing the extent of the estate.
The referee ultimately determined that the evidence was insufficient to substantiate the allegation that Mrs. Levsky was a stranger to the deceased. He also concluded that undue influence was not supported by clear and convincing proof. However, he did find that the signature was a forgery and that respondent submitted the Will to probate with full knowledge of that fact. The disbarment recommendation followed. Respondent then petitioned for review, asserting that The Bar had not met its burden of proof for disbarment; The Bar cross-petitioned, asserting that the referee erred in not finding that the Will had been procured by undue influence.
We agree with the referee that Mrs. Levsky was not shown to be a stranger to the Will, and that The Bar failed to meet its burden of clear and convincing proof on the question of undue influence. See The Florida Bar v. Rayman, 238 So.2d 594 (Fla. 1970). In passing, we note that an allegation of forgery and an allegation of procurement through undue influence are not mutually consistent.
But we also find that the referee's finding of forgery was not supported by clear and convincing proof either, and that The Bar failed to sustain its burden of proof on this question. The opinion of the experts was divided. Moreover, we do not think that the events are inconsistent with the following explanation given by respondent. He knew the deceased as a personal friend and advisor for 20 years prior to her death. When she was ill and preparing her last Will, she offered to leave her estate to him since she was a widow and was estranged from her relatives. When he declined to accept this proposal, she then decided to leave the estate to someone close to him, in this case his sister, whom she knew. Being ill and advanced in years, she was anxious that the matter be disposed of promptly; in accordance with her wishes, he returned the next evening, after providing for witnesses to be present, and execution of the Will followed.
Nonetheless, while The Bar's burden of proof under Rayman, supra, has not been met, we do not think that respondent can be excused from public discipline. He was negligent in the preparation of the Will and tardy in filing it for probate. He was offensive in his relations with legatee Fernandez. By allowing his relatives to act as witnesses to the execution of a Will which named his sister as residual legatee of a substantial estate, he must have known that a cloud of suspicion would be cast over the document. See State of Wisconsin v. Eisenberg, 29 Wis.2d 233, 138 N.W.2d 235 (1965). Accordingly, we find respondent guilty of violating Canons of Professional Ethics 6, 29 and 32, and Additional Rule Governing the Conduct of Attorneys No. 30 (the events in question occurred prior to the effective date of the Code of Professional Responsibility, October 1, 1970).
In accordance with the foregoing, the recommendations of the referee are approved in part and disapproved in part; respondent, Louis Schonbrun, is hereby publicly reprimanded; costs of these proceedings in the amount of $2,011.96 are hereby charged against respondent.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.