QUESTION: Is a person "summoned" before the Florida Elections Commission by reason of such person's alleged violation(s) of Ch.106, F.S., who is the subject of a hearing before the commission entitled to the travel expense and per diem benefits provided by s. 106.26(3)?
SUMMARY: A person who, by reason of such person's alleged violation(s) of Ch. 106., F.S., is the subject of a hearing before the Florida Elections Commission is entitled to the travel expense and per diem benefits provided by s. 106.26(3) only if his presence at such hearing is compelled by service upon him of a subpoena or other compulsory process as authorized by s.106.26(1). Is is my understanding that the usual procedure of the Florida Elections Commission, when it is scheduling a hearing to inquire into allegations of a violation of Ch. 106, F.S., is to deliver a notice of hearing to the person whose alleged violation is the subject of the hearing. Such notice, in addition to stating the time, place, and subject of the hearing, advises the recipient that his or her presence is required at the hearing. However, such notice does not purport to be a subpoena compelling the attendance of the subject, nor can it be enforced as such. It is my further understanding that in some cases — notably those where the commission has reason to believe that the person whose conduct is the subject of the hearing does not propose to attend the hearing — the commission, pursuant to its powers under s. 106.26(1), issues a subpoena compelling the attendance of such person and arranges for such subpoena to be served by a sheriff, as also authorized by s. 106.26(1). Section 106.26(3), F.S., provides: (3) All witnesses summoned before the commission shall receive reimbursement for travel expenses and per diem at the rates provided in s. 112.061. However, the fact that such reimbursement is not tendered at the time the subpoena is served shall not excuse the witness from appearing as directed therein. (Emphasis supplied.) Thus, the instant question turns on the meaning of the words "witnesses" and "summoned," as used in the above-quoted statutory provision. It should first be noted that the unqualified word "witness" is a broad word which generally encompasses anyone who testifies or is called to testify in a formal judicial or quasijudicial proceeding. The definition of the word witness in Black's Law Dictionary (Rev. 4th Ed.) includes at p. 1778, "[o]ne who testifies to what he has seen, heard, or otherwise observed," and the definition at p. 2627 of Webster's Third New International Dictionary includes, ". . . one that gives evidence regarding matters of fact under inquiry; specif: one who testifies or is legally qualified to testify in a cause or to give evidence before a judicial tribunal or similar inquiry. . . ." And it is clear that the word witness may include a party to a proceeding. See 35 Fla. Jur. Witnesses s. 59, and authorities cited therein. Further, it seems clear from the context in which the word witness is used throughout s. 106.26, F.S., that the legislative intent was that such word be given its plain and ordinary meaning — which would include all who appear to testify before the commission — consistent with the well-settled rule of statutory construction that "words of common usage, when used in a statute, should be construed in their plain and ordinary sense." Pederson v. Green,105 So.2d 1 (Fla. 1958). Accord: Gaulden v. Kirk, 47 So.2d 567
(Fla. 1950); Gasson v. Gay, 49 So.2d 525 (Fla. 1950); American Bankers Life Assur. Co. of Fla. v. Williams, 212 So.2d 777 (1 D.C.A. Fla., 1968); Harper v. State, 217 So.2d 519 (4 D.C.A. Fla., 1969); AGO 058-276. On the basis of the foregoing, I am of the view that a person who — by reason of his or her alleged violation(s) of Ch. 106, F.S. — is the subject of a hearing before the commission, is a "witness" within the meaning of s.106.26(3) if such person appears at a hearing of the commission for the purpose of testifying therein pursuant to a commission subpoena. Turning now to the word "summoned," as used in s.106.26(3), F.S., it should first be noted that it is a broad word, the meaning of which must be sought from the context in which it appears. The definition of the word "summon" in Webster's Third New International Dictionary (unabridged) at p. 2290 includes "to command by service of a summons or other statutory notice to appear in court." (Emphasis supplied.) At p. 1604 of Black's Law Dictionary (Rev. 4th Ed.) the word summon is defined as: "In practice. To serve a summons; to cite a defendant to appear in court to answer a suit which has been begun against him; to notify the defendant that an action has been commenced against him, and that he is required to answer it at a time and place named." Both of the foregoing definitions envision the service of a notice which has a compulsory effect on the person served and, in light of the context in which the word is used in s. 106.26(3), I am of the view that such was the meaning intended by the Legislature in this instance. Accordingly, it is my opinion that the word summoned as used in s. 106.26(3) only envisions those persons whose presence before the Florida Elections Commission is compelled under s. 106.26(1), F.S., which authorizes the commission to "issue subpoenas and other necessary process to compel the attendance of witnesses before it." (Emphasis supplied.) This view is further supported by the second sentence of s. 106.26(3), which seems to presuppose that those persons who will be entitled to reimbursement will be served with a subpoena. In conclusion, I feel constrained to note that even though the Florida Elections Commission apparently has the power to compel by subpoena the attendance of persons who are the subjects of its proceedings, the subpoena powers of the commission cannot be used as a medium for coercing the alleged offender into testifying as against his protections against self-incrimination found in the5th Amendment to the United States Constitution and in Art. I, s. 9, State Const. State ex rel. Vining v. Florida Real Estate Com'n,281 So.2d 487 (Fla. 1973); Lurie v. Florida State Board of Dentistry, 288 So.2d 223 (Fla. 1973); Kozerowitz v. Florida Real Estate Commission, 289 So.2d 391 (Fla. 1974). Such being the case, no real purpose would ordinarily be served by issuing a witness subpoena to the alleged offender, particularly in view of the fact that the absence of the alleged offender — assuming he has received proper notice of the hearing — in no way impairs the authority of the commission to proceed. With or without the presence of the alleged offender, the burden of establishing the existence of probable cause remains with the commission. Rings v. Owens, 54 So.2d 366 (Fla. 195l); The Florida Bar v. Rayman,238 So.2d 594 (Fla. 1970); The Florida Bar v. Schonbrun, 257 So.2d 6
(Fla. 1971); State ex rel. Vining v. Florida Real Estate Com'n, supra.