555 So.2d 854 (1990)
THE FLORIDA BAR, Complainant,
v.
Robert T. MILLER, Respondent.
No. 73041.
Supreme Court of Florida.
January 25, 1990.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Alana C. Brenner, Bar Counsel, and David G. McGunegle, Co-Bar Counsel, Orlando, for complainant.
Jerry A. DeVane of DeVane, Munson, Allen & Langston, Lakeland, for respondent.
PER CURIAM.
We have for review an attorney discipline case brought by The Florida Bar against Robert T. Miller. We have jurisdiction under article V, section 15, Florida Constitution.
The Bar's complaint alleged that many years ago Miller drafted a will for a man who later became his friend as well as a *855 client. The man ultimately married a woman somewhat younger than himself. In 1986, he asked Miller to draft a new will to make her the beneficiary. At the client's request, Miller was named the contingent beneficiary. The wife died first, and when the client died a year later, at age 99, Miller inherited $200,000.
The referee found Miller guilty of two violations under the prior Code of Professional Responsibility: engaging in conduct that reflects adversely on his fitness to practice law, Disciplinary Rule 1-102(A)(6), and accepting employment where the exercise of his professional judgment reasonably may have been affected by his own interests without the consent of the client after full disclosure, Disciplinary Rule 5-101(A). The findings of fact are undisputed. The referee, noting that Miller was seventy years of age and had no prior disciplinary record in nearly forty years of practice, recommended a private reprimand and a one-year probation.
The Bar argues, and we agree, that this case calls for a public reprimand. The misconduct is serious and, considering respondent's long years of practice, hard to fathom. At the very least Miller should have advised his client to confer with another lawyer before signing the will so as to avoid the appearance of impropriety.
The current Rules of Professional Conduct state:
A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where the client is related to the donee.
Rule 4-1.8(c), Rules Regulating Fla. Bar. While these rules were not in effect when the will was prepared and signed, the prior Code, under the Ethical Considerations, spoke explicitly on this point. "Other than in exceptional circumstances, a lawyer should insist that an instrument in which his client desires to name him beneficially be prepared by another lawyer selected by the client." Fla.Bar Code Prof.Resp., E.C. 5-5. While the ethical considerations were considered advisory, violations of them could form the basis for sanctions under the Disciplinary Rules. In any event, Miller should have been aware that his conduct was unwise and officially disapproved.
We recognize the abundant mitigating circumstances here. Miller apparently did not ever expect to become a beneficiary. He did not originate the idea of naming himself in the will and did not attempt to influence his client to do so. He had developed a close personal and professional relationship with his client. Most significantly, he had practiced law for nearly forty years with an unblemished record. Were it not for these factors, the discipline might be more severe.
We approve the referee's report in all respects, including the recommendation of probation, except that we believe a public reprimand is the more appropriate sanction. Publication of this opinion shall serve as a public reprimand. The referee also found that Miller should pay costs of $1,011.90, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.