896 A.2d 996

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**N. Frank LANOCHA.**

**Misc. Docket AG, No. 16 Sept. Term, 2005.**

Court of Appeals of Maryland.

April 14, 2006.

John C. Broderick, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel of the Attorney Grievance Com'n of Maryland), fore Petitioner.

Benjamin Lipsitz, Baltimore, for Respondent.

Argued before BELL, C.J., WILNER, CATHELL, HARRELL, BATTAGLIA, GREENE and JOHN C. ELDRIDGE (Retired, Specially Assigned), JJ.

BELL. Chief Judge.

Rule 1.8 (c) [1], *Conflict of Interest: Prohibited Transactions*, of the Maryland Rules of Professional Conduct, as adopted by Maryland Rule 16–812, addresses the situation in which a lawyer drafts, for a non-related client, a will that grants a substantial gift to the lawyer or a covered relative and the conflict caused thereby. It provides:

> "(c) A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer or a person related to the lawyer as parent, child, sibling, or spouse any sub-

---

1. By Rules Order dated February 8, 2005, Rule 1.8(c) was revised, effective July 1, 2005. It now reads:

> "A lawyer shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any substantial gift unless the lawyer or other recipient of the gift is related to the client. For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer or the client maintains a close, familial relationship."

Because the respondent's misconduct occurred prior to the promulgation of the current 1.8(c), the former 1.8(c) applies to this case.

With respect to the present Rule, the Comment confirms that independent counsel still is contemplated:

> "Gifts to Lawyers
>
> "[6] A lawyer may accept a gift from a client, if the transaction meets general standards of fairness. For example, a simple gift such as a present given at a holiday or as a token of appreciation is permitted. If a client offers the lawyer a more substantial gift, paragraph (c) does not prohibit the lawyer from accepting it, although such a gift may be voidable by the client under the doctrine of undue influence, which treats client gifts as presumptively fraudulent. In any event, due to concerns about overreaching and imposition on clients, a lawyer may not suggest that a substantial gift be made to the lawyer or for the lawyer's benefit, except where the lawyer is related to the client as set forth in paragraph (c).
>
> "[7] If effectuation of a substantial gift requires preparing a legal instrument such as a will or conveyance, the client should have the detached advice that another lawyer can provide. The sole exception to this Rule is where the client is a relative of the donee."

stantial gift from a client, including a testamentary gift, except where:

"(1) the client is related to the donee; or

"(2) the client is represented by independent counsel in connection with the gift."

This Rule was before this Court, involved in two disciplinary proceedings, during the 2003 Term: *Attorney Griev. Comm'n v. Stein*, 373 Md. 531, 819 A.2d 372 (2003) and *Attorney Griev. Comm'n v. Brooke*, 374 Md. 155, 821 A.2d 414 (2003). Interpreting the Rule, we defined and established its scope and application. We concluded:

"The Rule is mandatory and contains no provision for waiver of the provision to consult with independent counsel. . . . The Rule is qualified in only three ways: (1) if the gift is not 'substantial,' (2) if the client is related to the attorney, or (3) if the client has consulted with independent counsel. Unlike the provision under the Ethical Considerations of our prior rule, this provision and prohibition is express and mandatory."

*Stein*, 373 Md. at 537, 819 A.2d at 375–76. Characterizing the violation of the Rule as "a most serious one," *id.* at 538, 819 A.2d at 376, we commented on the reasons for the Rule and the concerns at which it was directed:

"There are many potential dangers inherent in an attorney drafting a will in which he or she is the beneficiary. Conflict of interest, the attorney's incompetency to testify because of a transaction with the deceased, the attorney's ability to influence the testator, the possible jeopardy to probate of the entire will if its admission is contested, the possible harm to other beneficiaries and the undermining of the public trust and confidence in the legal profession are some of the dangers."

*Id.* at 538, 819 A.2d at 376, citing *In re Polevoy*, 980 P.2d 985, 987 (Colo.1999); Philip White, Jr., Annotation, *Attorneys At Law: Disciplinary Proceedings for Drafting Instrument Such as Will or Trust Under Which Attorney–Drafter or Member of Attorney's Family or Law Firm is Beneficiary, Grantee,*

*Legatee, or Devisee,* 80 A.L.R.5th 597 (2000). *Brooke,* 374 Md. at 178, 821 A.2d at 427. Moreover, ignorance of the Rule is not a defense. *Stein,* 373 Md. at 542, 819 A.2d at 379; *Brooke,* 374 Md. at 179–80, 821 A.2d at 428.

N. Frank Lanocha, the respondent, drafted the Last Will and Testament for his client, Sarah Ann Ester Straw. By that will, the respondent's wife received a bequest of $1000 [2] and, but for a second bequest for $2000 to Chimes, Inc., the rest and residue of the estate was bequeathed to the respondent's adult daughter. After the death of Ms. Straw and following the admission of the Last Will and Testament to probate in the Orphans' Court for Baltimore County, the Chief Judge of that Court wrote to Bar Counsel, informing him of a possible violation of Rule 1.8(c).

Thereafter, Bar Counsel, acting with the approval and at the direction of the Attorney Grievance Commission of Maryland, the petitioner, *see* Rule 16–751,[3] filed a *Petition For*

---

2. No issue has been made as to the bequest to the respondent's wife; thus we do not address whether a bequest of $ 1000 is, or is not, "substantial."

3. Md. Rule 16–751(a) provides:
   "(a) *Commencement of Disciplinary or Remedial Action.*
   "(1) Upon approval of Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals.
   "(2)Conviction of Crime; Reciprocal Action. If authorized by Rule 16–771(b) or 16–773(b), Bar Counsel may file a Petition for Disciplinary or Remedial Action in the Court of Appeals without prior approval of the Commission. Bar Counsel promptly shall notify the Commission of the filing. The Commission on review may direct the withdrawal of a petition that was filed pursuant to this subsection.
   Bar Counsel previously had filed a "Statement of Charges" against the respondent. Adopted November 30, 2000, effective July 1, 2001, Maryland Rule 16–741 governs the filing of "statements of charges." It provides:
   "(a) *Filing of Statement of Charges.*
   "(1) Upon completion of an investigation, Bar Counsel shall file with the Commission a Statement of Charges if Bar Counsel determines that:
   "(A) the attorney either engaged in conduct constituting professional misconduct or is incapacitated;

*Disciplinary or Remedial Action* against the respondent. In addition to charging a violation of Rule 1.8(c), as expected, the petitioner also alleged a violation of Rule 8.4(d)[4] of the Maryland Rules of Professional Conduct.

Following a hearing, the Hon. Susan Souder of the Circuit Court for Baltimore County, to whom, pursuant to Rules 16–752,[5] we forwarded the case, made findings of fact, *see* Rule 16–757(c),[6] by clear and convincing evidence, *see* Rule 16–757(b),[7] as follows:

> "(B) the professional misconduct or the incapacity does not warrant an immediate Petition for Disciplinary or Remedial Action;
> "(C) a Conditional Diversion Agreement is either not appropriate under the circumstances or the parties were unable to agree on one; and
> "(D) a reprimand is either not appropriate under the circumstances or (i) one was offered and rejected by the attorney, or (ii) a proposed reprimand was disapproved by the Commission and Bar Counsel was directed to file a Statement of Charges."
>
> The filing of the "statement of charges" triggered the peer review process, *see* Rules 16–741(b), 16–742, and 16–743, which was completed prior to the filing of the *Petition for Disciplinary or Remedial Action.*

4. Rule 8.4(d) provides that "[i]t is professional misconduct for a lawyer to: (d) engage in conduct that is prejudicial to the administration of justice."

5. Rule 16–752 provides, as relevant:
   "(a) *Order.* Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

6. Rule 16–757(c) provides:
   "(c) *Findings and conclusions.* The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

7. Rule 16–757(b) provides:

"A will was prepared by respondent N. Frank Lanocha for his client, Sarah Ann Ester Straw to whom he was not related. The will provided a $1,000 bequest from Ms. Straw to Teresa W. Lanocha, Respondent's wife. In addition, the will also provided that the "rest and residue" of Ms. Straw's estate was bequeathed to Teresa Lanocha–Sisson (also known as Teresa M. Sisson). In the event Ms. Lanocha–Sisson were to predecease Ms. Straw, the rest of Ms. Straw's estate was bequeathed to Ms. Lanocha–Sisson's sons, Respondent's grandsons. There is no dispute that the latter gift was substantial.

"There is no indication that duress or improper influence were brought to bear on Ms. Straw by Respondent or anyone else. Ms. Straw was not represented by independent counsel in connection with will although Mr. Lanocha suggested that she consult other counsel. Ms. Straw did not wish to consult an attorney she did not know nor involve a stranger in her personal affairs.

"Respondent 'had no knowledge whatsoever of Rule [1.8(c)] or its existence or content.' . . ."

The hearing court concluded, on these facts, "that there was a violation of Rule 1.8(c) of the Maryland Rules of Professional Conduct."

Both the petitioner and the respondent took exception to the hearing court's findings of fact and conclusions of law.

█ The petitioner's single exception is to the hearing court's failure to find a violation of Rule 8.4(d). It relies on *Brooke*, in which this Court overruled the respondent's exception to the hearing court's finding in that case of a violation of Rule 8.4,[8] in addition to the uncontested finding of the Rule

---

"The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence."

8. Brooke was charged with a violation of Rule 8.4(a) and (d). *Attorney Griev. Comm'n v. Brooke,* 374 Md. 155, 161.n. 3, 821 A.2d 414, 417 n. 3

1.8(c) violation. The petitioner reminds us that we held in *Brooke* that, because "[a] violation of the Rules of Professional Conduct may be a basis for finding a violation of Rule 8.4," 374 Md. at 177, 821 A.2d at 426, the hearing court properly found that violation on the basis of the Rule 1.8(c) violation.

The respondent acknowledges the *Brooke* holding and that it supports the petitioner's position. He asks that "the Court re-examine the need for or purpose of finding a violation of a specific rule in this instance MRPC 1.8(c), which itself affords a basis for imposing whatever sanction the Court deems appropriate, also is sanctionable, premised upon the same allegedly sanctionable conduct, under another rule, in this instance 8.4(d)." The respondent offers as reasons for the reconsideration, reminiscent of the arguments Brooke made and the concerns we addressed in that case, the lack of any necessity to do so and avoidance of the "aura of 'piling on.' "

Responding to the arguments made by the respondent in that case, this Court, in *Brooke,* pointed out that the finding of a violation of one Rule of Professional Conduct based on the violation of another was not double punishment, did not run afoul of the purpose of attorney discipline and that, in any event, the finding of a rule violation differs from the sanction. 374 Md. at 177, 821 A.2d at 426. In the latter regard, we made clear that the number of violations does not determine the appropriate sanction, the facts and circumstances of the particular case do. *Id.,* citing *Attorney Grievance Comm'n v. Briscoe,* 357 Md. 554, 568, 745 A.2d 1037, 1044 (2000) (quoting *Attorney Grievance Comm'n v. Milliken,* 348 Md. 486, 519, 704 A.2d 1225, 1241 (1998)). We shall sustain the petitioner's exception, for the reasons stated in *Brooke.*

---

(2003). Although the hearing court determined that Brooke violated Rule 8.4 and merged it with the Rule 1.8(c) violation, *id.* at 162 n. 5, 821 A.2d at 418 n. 5, it did not specify whether the violation found was of one or both of the sections. We assume that the determination was as to both sections.

The petitioner says that the Court addressed the violation of Rule 8.4 generally and the respondent asserts that the Rule 8.4 violation pertained to section (c). The basis of those assertions is unclear.

The respondent filed several exceptions.[9] First, he excepts to the hearing court's conclusion that he violated Rule 1.8(c). Next he excepts to the hearing court's failure to address the tension between a lawyer's duty to his client and his duty to comply with the disciplinary or other regulatory rules. Specifically, the respondent believes that the court should have dealt with, as he put it, "the issue regarding actual or potential tensions between a lawyer's duty and responsibility to carry out the instructions of a client, in this instance disposition, upon her demise, of all of Mrs. Straw's worldly possessions in the manner that she chose and looked to respondent to implement and respondent's obligation to comply with rules regulating lawyers' conduct, a patently difficult and demanding task which often requires not only wisdom, but a judicious exercise of sound judgment as well." Finally, positing that the disciplinary proceedings had their genesis in a caveat action filed in the Baltimore County Orphans' Court and noting that the caveat proceedings have been dismissed, and had been prior to his hearing in the Circuit Court, the respondent takes exception to the fact that the hearing court made no findings of fact or drew any conclusions of law "with respect to the effect on the instant disciplinary proceeding of dismissal of the underlying caveat case from which it arose."

■ The dispositive exception is the first one mentioned-to the conclusion, without further elaboration of facts than those found by the hearing court, that the respondent's drafting of a will, the terms of which made a substantial bequest to his daughter, for Mrs. Straw, his long-time client, to whom he was not related, and who, despite being advised to do so, did not seek, and therefore was not represented by independent counsel in connection with the will, violated Rule 1.8(c). If we continue to hold, as we held in both *Stein*, 373 Md. at 537, 819

---

9. One of the respondent's exceptions challenges the hearing court's failure to acknowledge that, in addition to the specific bequest to the respondent's wife there was a bequest for $2,000 to Chimes, Inc. The respondent is, of course, correct. We view the matter as simply an oversight and note that it has no significance to the resolution of the issue before this Court.

A.2d at 375, and *Brooke,* 374 Md. at 180, 821 A.2d at 428 ("Rule 1.8(c) is absolute—an attorney may not prepare an instrument designating himself as legatee under the circumstances presented herein"), that the Rule's prohibition is both mandatory and absolute, the other two exceptions are moot.

The respondent recognizes that *Stein* and *Brooke* make compliance with the requirements of Rule 1.8(c) mandatory and that, therefore, a violation follows inexorably when they are not. Indeed, he characterizes the *Stein/Brooke* approach as a *"per se* approach to Rule 1.8(c)." Accordingly, the respondent proffers differences between his case and *Stein* and *Brooke,* which, he maintains, either require additional fact findings or demonstrate that the conclusion of the hearing court does not rest on the requisite evidentiary foundation. In *Stein,* he reminds us, the idea of the substantial gift which went to the attorney came from the attorney himself. *See* 373 Md. at 543, 819 A.2d at 379. The respondent characterizes this difference as "striking and perhaps decisive." In both *Stein* and *Brooke,* unlike in the case *sub judice,* the respondent points out that the testamentary provision benefitted the lawyer who drafted the will. Here, the beneficiary was the respondent's daughter, who is both, the respondent asserts, adult and *"sui juris* and beyond respondent's control with respect to the late Mrs. Straw's testamentary gift to her." Finally, he says, the concern expressed by the Court with respect to the "inevitable lack of primary evidence," after the testator's death, as to the circumstances of the gift or the making of the will are "alleviated or mollified" in this case by the availability of two witnesses, one to be sure, being the respondent's daughter and beneficiary, the other a seemingly independent witness, Mrs. Straw's handyman and friend.

These "differences" are not, singly or cumulatively, a sufficient basis for changing the approach that we took in *Stein* and continued in *Brooke* or for viewing the respondent's case from a different perspective. The concerns we identified in *Stein,* some of which the respondent relies on, simply drive the need for the Rule and make its violation a "very serious" matter. That list was not, and was not intended to be, an

exhaustive list. *See* 373 Md. at 537, 819 A.2d at 376. Nor did it list the concerns in the order of the importance that we ascribed to the various perceived "dangers." We listed the public's confidence in the courts last and, yet, later reiterated that concern, and only that one, when announcing the sanction we determined to be the appropriate one:

> "We find an indefinite suspension is warranted in this case. While respondent's lack of prior ethical violations is a mitigating factor, it does not justify a reprimand. As stated above, we consider a violation of Rule 1.8(c) to be most serious. Respondent's conduct undermines the public confidence in the legal professional in a particularly egregious manner."

*Id.* at 543, 819 A.2d at 379. *See Brooke,* 374 Md. at 180, 821 A.2d at 428 ("Deterrence of such conduct and the public confidence in the legal profession can only be preserved by protecting against this behavior").

The respondent's exceptions are overruled.

Both the petitioner and the respondent submitted recommendations regarding sanction. Aware of the Court's imposition of an indefinite suspension in both *Stein* and *Brooke,* neither of whom had a disciplinary history, the petitioner recommends that the respondent be ordered indefinitely suspended from the practice of law, with the right to reapply after ninety (90) days. The recommendation is justified, the petitioner states, given the facts that the respondent was reprimanded in 2001 for violations of Rules 1.15(b) [10] and 8.1(b) [11] and because, unlike *Stein,* who suggested that he be

---

10. Rule 1.15(b) provides:
    "(b) A lawyer may deposit the lawyer's own funds in a client trust account for the sole purpose of paying bank service charges on that account, but only in an amount necessary for the purpose."

11. Rule 8.1(b) provides:
    "An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
    * * *

made the beneficiary, the respondent did not suggest the bequest to his daughter.

■    Although conceding that he meets all of the prerequisites for violating the rule—he drafted the will, for a person to whom he was unrelated, the will bequeathed a substantial gift to his daughter and the testator was not represented by independent counsel and did not seek such counsel—and that *Stein* and *Brooke* reflect this Court's adoption of a bright line rule as to the sanction to be administered for violation of Rule 1.8(c), the respondent nevertheless urges that the proceedings be dismissed and that no sanction be issued.  He bases that recommendation on his view of the merits of his various exceptions.  Those exceptions have been overruled, however.  Anticipating that eventuality, the respondent's fall-back position is that the appropriate sanction is a reprimand or a period of suspension not to exceed thirty (30) days.

In both *Stein* and *Brooke,* the beneficiaries of the client's substantial testamentary gift was the attorney who prepared the will.  In one case, it was the attorney himself who suggested that he be given the bequest.  In this case, although the beneficiary is the attorney's daughter, she is an adult and, as the respondent points out, *"sui juris* and beyond respondent's compulsion and control with respect to the late Mrs. Straw's testamentary gift to her."   There is no evidence that the respondent orchestrated the bequest to his daughter or will share in it in any way.   Indeed, the opposite is the case, the hearing court was clear:

"There is no indication that duress or improper influence were brought to bear on Ms. Straw by Respondent or anyone else.  Ms. Straw was not represented by independent counsel in connection with the will although Mr. Lanocha suggested that she consult counsel.  Ms. Straw did not

"(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

wish to consult an attorney she did not know nor involve a stranger in her personal affairs."

Under the circumstances, we believe that the appropriate sanction is a reprimand. *See State v. Eisenberg,* 29 Wis.2d 233, 138 N.W.2d 235 (1965) (reprimanding an attorney for drafting a will, disinheriting his uncle's wife and daughter, in favor of his mother, from whom he might inherit); *In re Disciplinary Action Against Boulger,* 637 N.W.2d 710 (N.D. 2001) (reprimanding attorney for drafting will codicil that included provisions giving him substantial contingent testamentary gift, even though the contingencies did not arise [12]). *See also In re Blair,* 840 So.2d 1191 (La.2003) (imposing a three (3) month suspension on attorney, with no prior disciplinary record, who was relatively inexperienced and expressed sincere remorse, for preparing will for client that gave attorney's wife testamentary gift).

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST N. FRANK LANOCHA.

WILNER, J. files a dissenting opinion.

BATTAGLIA, J., files a dissenting opinion joined by CATHELL, J.

---

12. In *In re Disciplinary Action Against Boulger,* 637 N.W.2d 710, 714–15 (N.D.2001), the court elaborated:

"There are considerable mitigating circumstances in Boulger's favor. Boulger has practiced law in this state for many years and has no prior disciplinary record or history of prior misconduct. While Boulger acknowledges having drafted the instruments with contingent devises to himself, he has made full and free disclosure of the circumstances of this case to the Disciplinary Board and has been cooperative throughout the proceedings. Under these circumstances, an admonition would have perhaps been the most appropriate sanction."

Dissenting Opinion by WILNER, Judge.

I concur in the Court's sustaining of Bar Counsel's exception and its overruling of Lanocha's exception. Subject to one critical caveat, I agree as well that, under the facts here, a reprimand would be the appropriate sanction to be imposed. The caveat is the one that I noted in my dissent in *Attorney Grievance v. Stein*, 373 Md. 531, 545–49, 819 A.2d 372, 380–82 (2003). In my view, the only effective and practical way to enforce MRPC 1.8(c) is to require the errant lawyer to disgorge the fruits of his violation of the Rule by renouncing, or causing any family member who is selected as the beneficiary to renounce, the legacy obtained in violation of the Rule.

It may well be, and for purposes of this case I am willing to accept, that Mr. Lanocha's version of what occurred is entirely accurate—that he did nothing to induce Ms. Straw to leave a substantial part of her Estate to Lanocha's daughter and that she insisted on making that gift—but we will never really know, because Ms. Straw is dead and cannot testify. That is the problem in every one of these cases: we get only one side of the story.

The Court agrees that compliance with the Rule is mandatory and that a violation "follows inexorably" when the requirements of the Rule are not satisfied. But notwithstanding the rhetoric, it insists on making the Rule a toothless and clawless tiger by providing no effective sanction for its violation. I continue to believe, and with each new case continue to believe even more firmly, that the way to avoid violations of the Rule is "the simple expedient of requiring the lawyer, as a minimal sanction for violating the Rule, to disgorge what the lawyer wrongfully created. If lawyers know that a violation of the Rule will bring them no financial gain, they will have no incentive to violate the Rule, and *that,* above all else, is what will protect the public." *Id.* at 548, 819 A.2d at 382.

The legacy here was not to Lanocha but to his adult daughter, and Lanocha has argued that he had no control over his daughter's acceptance of the legacy, that it was not within his power to have her renounce it. I am unwilling to accept that as a given. For one thing, there is nothing in the record

to indicate that he ever asked her to renounce it. A caveat was filed to the Will, and Lanocha was advised at that time by his own lawyer that what he had done was in violation of the Rule. I am deeply skeptical that, if Lanocha had informed his daughter that the result of her accepting the legacy might well be his suspension from the practice of law for violation of a Rule of Professional Conduct, she would nonetheless have insisted on accepting the legacy.

I would suspend Mr. Lanocha indefinitely.

Dissenting Opinion by BATTAGLIA, J., which CATHELL, J., joins.

I respectfully dissent. I do not believe that a reprimand is commensurate with the sanctions that we have imposed in cases involving violations of Rule 1.8(c). Based on the language of Rule 1.8(c), as well as the reasoning of this Court's opinions in *Attorney Grievance Comm'n v. Stein,* 373 Md. 531, 819 A.2d 372 (2003), and *Attorney Grievance Comm'n v. Brooke,* 374 Md. 155, 821 A.2d 414 (2003), in which this Court ordered an indefinite suspension, I also would impose the sanction of an indefinite suspension upon Mr. Lanocha. In determining that a reprimand is appropriate, the majority distinguishes *Stein* and *Brooke* based on the fact that in both cases the attorney who prepared the will was also the beneficiary of a substantial testamentary gift.

The version of Rule 1.8(c) that was in effect at the time of Mr. Lanocha's violation provided:

(c) A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as a parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where:

(1) the client is related to the donee; or

(2) the client is represented by independent counsel in connection with the gift.

Maryland Rules of Professional Conduct, Rule 1.8(c) (2004).[1] As we noted in *Stein:*

---

1. As the majority notes, by Rules Order dated February 8, 2005, Rule 1.8(c) was revised, effective July 1, 2005. The revision does not alter

The Rule is qualified in only three ways: (1) if the gift is not 'substantial,' (2) if the client is related to the attorney, or (3) if the client has consulted with independent counsel.

*Stein,* 373 Md. at 537, 819 A.2d at 375–76. This Rule makes no distinction between testamentary gifts made directly to the attorney and those made to relatives of the attorney.

The majority's reliance on the fact that Mr. Lanocha's daughter is an adult is misplaced. Rule 1.8(c) contains no exception for substantial gifts to adult children of the attorney. Moreover, the assumption that in order for Mr. Lanocha to benefit from the bequest to his daughter, he would have to either share in it or maintain some control over it, is flawed. Certainly, the Rule anticipated that "parents" of the lawyer would be "adults," such that adult status should not presumptively mitigate the attorney's violation of the Rule.

The majority also relies upon the hearing court's determination that

> [t]here is no indication that duress or improper influence were brought to bear on Ms. Straw by Respondent or anyone else. Ms. Straw was not represented by independent counsel in connection with the will although Mr. Lanocha suggested that she consult counsel. Ms. Straw did not wish to consult an attorney she did not know nor involve a stranger in her personal affairs.

The finding of a violation of Rule 1.8(c), however, does not turn on affirmative evidence of duress or improper influence by the attorney. Rather, such improper influence is presumed merely from the fact that the attorney drafted the testamentary instrument in which either the attorney or the attorney's relative benefitted. If the attorney advised his or her client that the client should seek independent counsel, which the client refused, and the attorney was reticent to withdraw from the undertaking because of the relationship with the client, the

---

the independent counsel requirement of prior Rule 1.8(c), nor does it distinguish between gifts made to the attorney and those made to the attorney's relatives.

very concerns that gave rise to the prohibition are present. The closeness of the relationship with the client mandates the intervention of independent counsel to insure that the client is not being influenced by the attorney.

Furthermore, this Court has previously observed:

[a]lthough some courts have imposed a reprimand for attorneys who draft such instruments, such decisions are typically under the Canons of Professional Ethics as opposed to the more stringent Rule 1.8(c). *See Florida Bar v. Miller*, 555 So.2d 854 (Fla.1990); *Iowa Supreme Court Bd. of Prof'l Ethics and Conduct v. Winkel*, 541 N.W.2d 862 (Iowa 1995); *In re Prueter*, 359 N.W.2d 613 (Minn.1984); *State v. Horan*, 21 Wis.2d 66, 123 N.W.2d 488 (1963). *But see In re Mangold*, 148 N.J. 76, 689 A.2d 722 (1997) (reprimanding attorney for violation of New Jersey's Rule 1.8(c) without discussion of circumstances of violation).

*Stein*, 373 Md. at 543–44, 819 A.2d at 379. The majority relies on two cases from other jurisdictions in support of its determination that a reprimand is appropriate: *State v. Eisenberg*, 29 Wis.2d 233, 138 N.W.2d 235 (1965), in which the Wisconsin Supreme Court reprimanded an attorney under the Canons of Professional Ethics for drafting a will that resulted in a substantial inheritance for the attorney's mother; and *In re Disciplinary Action Against Boulger*, 637 N.W.2d 710 (N.D. 2001), wherein the North Dakota Supreme Court reprimanded the attorney based on the application of the North Dakota Standards for Imposing Lawyer Sanctions, which provided in the case of a conflict of interest caused by negligence that a reprimand is the appropriate sanction. Both are distinguishable from the case at bar based on the provision governing the imposition of the reprimand and provide no support for reprimanding Mr. Lanocha rather than indefinitely suspending him under our precedent.

For the foregoing reasons, I dissent from the majority's determination that a reprimand is the appropriate sanction and would impose an indefinite suspension.

Judge CATHELL joins in this dissenting opinion.